# UNITED STATES DISTRICT COURT
for the
Eastern District of North Carolina

JOHN MCCOY

*Plaintiff(s)*

v.

CARY GOLF & TRAVEL, INC., PURE GOLD, INC., and DENNIS WAYNE CYPHERS,

*Defendant(s)*

Civil Action No. 5:17-CV-00403

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Cary Golf & Travel, Inc.
1864 US Highway 1 South
Southern Pines, NC 28387

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

John J. Bailly, Esq.
Bailly & McMillan, LLP
244 Westchester Ave, Suite 410
White Plains, NY 10604

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 08/07/2017

*Signature of Clerk or Deputy Clerk*

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
for the
Eastern District of North Carolina ▼

| | |
|---|---|
| JOHN MCCOY<br><br>*Plaintiff(s)*<br>v.<br>CARY GOLF & TRAVEL, INC., PURE GOLD, INC.,<br>and DENNIS WAYNE CYPHERS,<br><br>*Defendant(s)* | Civil Action No. 5:17-CV-00403 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Pure Gold, Inc.
1864 US Highway 1 South
Southern Pines, NC 28387

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

John J. Bailly, Esq.
Bailly & McMillan, LLP
244 Westchester Ave, Suite 410
White Plains, NY 10604

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 08/07/2017

*Signature of Clerk or Deputy Clerk*

Civil Action No. 5:17-CV-00403

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____
on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
for the
Eastern District of North Carolina ▼

| | | |
|---|---|---|
| JOHN MCCOY<br><br>*Plaintiff(s)*<br>v.<br>CARY GOLF & TRAVEL, INC., PURE GOLD, INC.,<br>and DENNIS WAYNE CYPHERS,<br><br>*Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 5:17-CV-00403 |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* Dennis Wayne Cyphers
2025 Fairview Lane
Sanford, NC 27330

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

John J. Bailly, Esq.
Bailly & McMillan, LLP
244 Westchester Ave, Suite 410
White Plains, NY 10604

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: 08/07/2017 _____
*Signature of Clerk or Deputy Clerk*

Civil Action No. 5:17-CV-00403

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____, a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
-----------------------------------------------------------------------X
JOHN MCCOY,

                              Plaintiff(s),

                  -against-

CARY GOLF & TRAVEL, INC., PURE GOLD, INC.,
and DENNIS WAYNE CYPHERS,

                              Defendant(s).
-----------------------------------------------------------------------X

Docket No.:5:17-cv-00403

**COMPLAINT**

Plaintiff John McCoy by his attorneys, Bailly & McMillan, LLP and Local Rule 83.1 Counsel Thomas K. Lindgren, PLLC (NC State Bar No. 35949; Telephone No. 919-609-1773; Facsimile No. 919761-8340; email address: tlindgren@lindgrenlegal.com) respectfully allege as follows:

## PARTIES

1.    At all times hereinafter mentioned the Plaintiff, JOHN MCCOY, was and still is a resident of New York County and the State of New York.

2.    At all times hereinafter mentioned, the Defendant, CARY GOLF & TRAVEL, INC., (hereinafter "CARY GOLF") is a North Carolina corporation with a principle place of business located at 1864 US Highway 1 South, Southern Pine, in the State of North Carolina (hereinafter the "premises").

1

3. At all times hereinafter mentioned, the Defendant, PURE GOLD, INC, (hereinafter "PURE GOLD") is North Carolina corporation with a principle place of business located at the premises.

4. At all times hereinafter mentioned, the Defendant DENNIS WAYNE CYPHERS, (hereinafter "CYPHERS") was and still is a resident of the State of North Carolina.

## JURISDICTION

5. That at all times herein mentioned, Defendant, CARY GOLF, conducted business as a club/nightclub/lounge and/or restaurant to the public and located at 1864 US Highway 1 South, Southern Pine, in the State of North Carolina. (Hereinafter the "premises").

6. At all times hereinafter mentioned, the Defendant, CARY GOLF, transacted business within the State of North Carolina; regularly did or solicited business within the State of North Carolina or engaged in other persistent courses, conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of North Carolina and expected or should have reasonably expected its acts to have consequences within the State of North Carolina and/or derived substantial revenue from interstate or international commerce.

7. That at all times herein mentioned, Defendant, PURE GOLD, conducted business as a club/nightclub/lounge and/or restaurant to the public on the premises.

8. At all times hereinafter mentioned, the Defendant, PURE GOLD transacted business within the State of North Carolina; regularly did or solicited business within the State of North Carolina or engaged in other persistent courses, conduct and/or derived substantial revenue from goods used or consumed or services rendered in the State of North Carolina and

2

expected or should have reasonably expected its acts to have consequences within the State of North Carolina and/or derived substantial revenue from interstate or international commerce.

9. This Court has jurisdiction over the subject matter of this civil action pursuant to the diversity of citizenship of the parties in this action under 28 U.S.C. Section 1332. The Plaintiff is a citizen of the County of New York City, Borough of Manhattan in the State of New York. The Defendants CARY GOLF and PURE GOLD, are citizens of the State of North Carolina with principal places of business within the State. Defendant CYPHERS is an individual residing in the State of North Carolina. The amount in controversy without interest and costs exceeds the sum or value specified by 28 U.S.C. Section 1332.

## VENUE

10. Venue is proper in this judicial district under 28 U.S.C. Section 1391, as the incident occurred in this venue and all Defendants are domestic corporations doing business in this jurisdiction.

## STATEMENT OF FACTS

11. That on July 30, 2016, the Defendant CYPHERS, who was employed by the Defendants as a "bouncer", while present at the premises, without legal cause or justification, negligently, recklessly, willfully and wantonly removed the Plaintiff from the premises in such a violent manner as to cause serious physical injury and property damage.

3

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANTS – NEGLIGENCE

12. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "11" of the Complaint as if fully set forth herein.

13. On or about July 30, 2016, at approximately 1:35 a.m., Plaintiff JOHN MCCOY was lawfully present at the premises.

14. At all times relevant hereto, Defendant CYPHERS was acting within the scope of his employment as security personnel, employed by Defendant CARY GOLF.

15. At all times relevant hereto, Defendant CYPHERS was acting within the scope of his employment as security personnel, employed by Defendant PURE GOLD.

16. At the aforesaid time, Defendant CYPHERS was present at the premises while working in the scope of his employment for the Defendants.

17. During the course of physically removing Plaintiff from the premises, Defendant CYPHERS negligently, recklessly, willfully and wantonly caused Plaintiff to sustain serious, severe and personal injuries.

18. As a result of the foregoing, Plaintiff JOHN MCCOY has sustained serious and permanent personal injuries, pain and suffering and has become sick, sore, lame and disabled from performing his usual and customary activities, as well as the duties associated with his occupation thereby sustaining past and future loss of earnings; has incurred, continues to incur, and will in the future incur medical care and treatment and the expenses resulting therefrom; and has further been deprived of the full and normal enjoyment of his life, all to his damage.

19. As a result of the foregoing negligent, careless, reckless, willful, wanton and grossly negligent conduct, Plaintiff JOHN MCCOY has been damaged in a sum, including punitive damages, which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS CARY GOLF AND PURE GOLD - NEGLIGENT HIRING, SUPERVISION AND RETENTION

20. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "19" of the Complaint as if fully set forth herein

21. That at all times herein mentioned, Defendants, CARY GOLF and PURE GOLD, owned, maintained, controlled, managed and supervised the subject premises, commonly known as "Pure Gold."

22. That at all times herein mentioned, Defendants, CARY GOLF and PURE GOLD, through its shareholders, officers, directors, agents, servants and/or employees, operated, maintained, supervised, controlled, managed, the aforesaid nightclub located at the subject premises.

23. At all times herein mentioned, Defendants, CARY GOLF and PURE GOLD, its agents, servants and/or employees hired security personnel to protect the public and its employees.

24. That at all times herein mentioned, Defendants, CARY GOLF and PURE GOLD, its agents, servants, and/or employees had a duty to maintain the premises in a reasonably safe condition by providing for the safety, security and protection for patrons and persons present on the aforesaid subject premises, including Plaintiff JOHN MCCOY.

25. At all times herein mentioned, the Defendants, CARY GOLF and PURE GOLD, its agents, servants and/or employees owned, operated, managed, maintained, controlled and supervised the premises, in an inherently dangerous manner by its negligent hiring, supervision and retention of Defendant CYPHERS.

26. That at all times herein mentioned, Defendants, CARY GOLF and PURE GOLD had a duty to investigate and select for hiring agents, servants and/or employees who were fit for employment.

27. That at all times herein mentioned, it was the duty of the Defendants CARY GOLF and PURE GOLD, to supervise, train, control, discipline and monitor the conduct of its employees and to promulgate reasonable rules and procedures governing their conduct.

28. That on or about July 30, 2016 the Defendants, CARY GOLF and PURE GOLD, its employee CYPHERS, agents, servants and/or employees acted recklessly, negligently, carelessly and grossly negligent in the physical removal of the Plaintiff from the premises.

29. As a result of the foregoing, Plaintiff JOHN MCCOY has sustained serious and permanent personal injuries, pain and suffering and has become sick, sore, lame and disabled from performing his usual and customary activities, as well as the duties associated with his occupation thereby sustaining past and future loss of earnings; has incurred, continues to incur, and will in the future incur medical care and treatment and the expenses resulting therefrom; and has further been deprived of the full and normal enjoyment of his life, all to his damage.

30. That the aforesaid occurrence and the injuries resulting therefrom were caused by the negligence of the Defendants, their agents, servants and/or employees in the ownership, possession, operation, maintenance, supervision and/or control of the aforesaid premises, their employees, servants and/or agents and its patrons; in failing to use reasonable care; in failing to perform necessary procedures to protect plaintiff; in failing to properly supervise Defendant CYPHERS, in failing to take security measures to protect plaintiff from violent third-party criminal activity at the premises; in failing to take appropriate measures to protect plaintiff from harm, despite notice that Defendant CYPHERS had actual and/or constructive notice of his propensity for violence; in failing to supervise the conduct of Defendant Cyphers despite actual and/or constructive notice of his propensity for violence; in failing to control the conduct of Defendant CYPHERS despite having actual and/or constructive notice of his propensity for violence; in failing to take reasonable steps to minimize the risk of harm to plaintiff; in failing to avoid the occurrence despite having the opportunity to do so; and in negligently hiring, training, supervising and retaining employees, including Defendant CYPHERS.

31. The aforesaid occurrence was caused by the negligence, carelessness and recklessness of the defendants, their agents, servants and/or employees in the ownership, operation, management, maintenance, control, supervision and retention of Defendant CYPHERS.

32. The actions of the Defendants were committed with actual malice or were so reckless and wanton as to permit an inference of malice, so as to entitle the Plaintiff to an award of punitive damages.

33. As a result of the foregoing and careless and reckless conduct and negligence of the Defendants, Plaintiff JOHN MCCOY has been damaged, including punitive damages, in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANTS – ASSAULT

34. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "33" of the Complaint as if fully set forth herein.

35. Defendant CYPHERS intentionally acted in a manner so as to place Plaintiff in a reasonable apprehension of imminent bodily harm.

36. Defendant CYPHERS' intentional conduct caused Plaintiff to have a reasonable apprehension of imminent bodily harm.

37. As a direct and proximate result of Defendant CYPHERS' assault, Plaintiff was caused to suffer bodily injury and extreme emotional trauma.

38. That, upon information and belief, Defendant CYPHERS' assault was with the permission of and was condoned by Defendants CARY GOLF and PURE GOLD, its agents, management, staff and employees.

39. As a result of the foregoing and careless and reckless conduct and negligence of the Defendant, Plaintiff JOHN MCCOY has been damaged, including punitive damages, in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANTS – BATTERY

40. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "39" of the Complaint as if fully set forth herein.

41. Defendants engaged in harmful and offensive contact of the Plaintiff when he unjustifiably placed his hands on Plaintiff and forcibly removed him from the premises.

42. As a direct and proximate result of Defendants' battery, Plaintiff was caused to suffer bodily injury and extreme emotional trauma.

43. That, upon information and belief, Defendant CYPHERS' battery was with the permission of and was condoned by Defendants CARY GOLF and PURE GOLD, its agents, management, staff and employees.

44. As a result of the foregoing and careless and reckless conduct and negligence of the Defendant, Plaintiff JOHN MCCOY has been damaged, including punitive damages, in a sum which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## JURY DEMAND

The Plaintiff hereby demands a jury trial as to all issues triable as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38c.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests that the court award him:

a. A judgment against the Defendants for a sum, including punitive damages, which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction on the First Cause of Action;

b. A judgment against the Defendants for a sum, including punitive damages, which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction on the Second Cause of Action;

c. A judgment against the Defendants for a sum, including punitive damages, which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction on the Third Cause of Action;

d. A judgment against the Defendants for a sum, including punitive damages, which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction on the Fourth Cause of Action;

e. Costs, disbursements, interest and attorneys' fees on all causes of action, together with such other, further and different relief which as to this Court may seem just and proper

Dated: White Plains, New York
August 7, 2017

Bailly & McMillan, LLP

/s/ John J. Bailly
John J. Bailly, Esq.
NY State Bar No. 2146017
Attorneys for Plaintiff
244 Westchester Ave
Suite 410
White Plains, NY 10604
Tel: 914-684-9100
Fax: 914-684-9108
Email: jbailly@bandmlaw.com

Thomas K. Lindgren, PLLC

/s/ Thomas K. Lindgren
Thomas K. Lindgren, Esq.
NC State Bar No. 35949
Attorney for Plaintiff
3400 Croasdaile Drive
Suite 304
Durham, NC 27705
Tel: 919-609-1773
Fax: 919-761-8340
Email: Tlindgren@lindgrenlegal.com
LR 83.1 Counsel